Stephen PEREZ, Appellant,

v.

THE CITY OF LAREDO, Appellee.

No. 04–01–00547–CV.

Court of Appeals of Texas, San Antonio.

May 29, 2002.

---

Murray E. Malakoff, Attorney At Law, Sharon Trigo, Attorney At Law, Laredo, for Appellant.

Jaime L. Flores, City Attorney, Jerry Bruce Cain, Asst. City Atty., Laredo, for Appellee.

Julio A. Garcia, Law Offices of Julio A. Garcia, Rogelio G. Rios, Jr., Attorney At Law, Laredo, for Others.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice and SANDEE BRYAN MARION, Justice.

## OPINION

SANDEE BRYAN MARION, Justice.

Stephen Perez appeals a decision by the City of Laredo Fire Fighters and Police Officers Civil Service Commission ("Commission") to remove his name from the list of officers eligible for promotion to the rank of captain. In an opinion and judgment dated March 6, 2002, we affirmed the trial court's judgment upholding the Commission's decision. Perez filed a motion for rehearing, and the City of Laredo has filed a response. We grant the motion for rehearing, withdraw our opinion and judgment of March 6, 2002, and issue this opinion and judgment in its place. We hold that Perez was eligible for promotion to the rank of captain; therefore, we reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Perez has served in the City of Laredo police department continuously for nineteen years. He has never been laid off, discharged, had an unexcused failure to report to work, retired, or worked for another employer without the Chief of Police's permission. He has never had a disciplinary suspension. Perez held the rank of lieutenant from August 30, 1992 to February 19, 1994. He held the rank of assistant chief from February 19, 1994 to May 18, 1997. On May 18, 1997, he returned to the rank of lieutenant. On January 13, 1999, he took the promotional examination for the position of captain.

Perez placed first on the written examination; therefore, he was listed first on the Notice of Police Department Written Captain Promotional Examination Results. Ivan Perez was listed second. Following publication of the results, Ivan appealed to the Commission, challenging Perez's eligibility to take the examination and qualify for promotion under the Act. Ivan alleged that Perez was not eligible for promotion and his name should not be included on the promotional list for captain because Perez had not held the position in the classification immediately below that of captain (the position of lieutenant) for two continuous years and/or had not served two years in the position of lieutenant before the date the promotional examination for captain was given. The Commission upheld Ivan's appeal, because Lieutenant Stephen J. Perez has not served continuously for the two (2) years immediately preceding the

examination in the rank immediately below Captain in pay grade.

> Accordingly, the Commission issues the following ORDER: The name of Lieutenant Stephen J. Perez should be removed from the promotional eligibility list for rank of Captain in the Laredo Police Department.

Perez appealed the Commission's decision to the district court, asserting the Commission's decision was not supported by substantial evidence and there was no disqualifying factor justifying his removal from the eligibility list. The trial court signed an order that read:

> It is the order of this Court that the Court has jurisdiction over the parties and subject matter herein and accordingly, upholds the decision and adopts as the order of this Court the findings and rulings made by the [Commission].

On appeal to this court, Perez argues he was eligible for promotion to the rank of captain pursuant to the provisions of Chapter 143 of the Local Government Code. The City relies on Local Government Code section 143.028(b) for its contention that Perez was not eligible for promotion to captain because he did not meet that section's requirement that he have held the rank of lieutenant for two continuous years before the promotional examination took place. Perez argues his rank as assistant chief was a temporary assignment; therefore, during his tenure as assistant chief he continued to hold his rank as lieutenant and his years of service as assistant chief count towards Section 143.028(b)'s two-year eligibility requirement.

## ELIGIBILITY FOR PROMOTION

Certain positions within the Laredo Police Department may be filled by appointment. The Collective Bargaining Agreement between the City of Laredo and the Laredo Police Officers' Association allows the police chief to appoint officers to the rank of assistant chief, and, if an officer is removed from the position, he or she is returned to the same classification the officer held at the time of the appointment, without loss of seniority. Such appointments or demotions are at the police chief's sole discretion, and are not appealable or referable to a grievance committee, the Commission, or any other administrative or judicial body.

For those positions filled by promotion, the Collective Bargaining Agreement provides that all promotions shall be made in accordance with the Fire Fighter and Police Civil Service Act ("Act") and all vacancies occurring in any classification shall be filled by permanent appointment from eligibility lists, unless otherwise specifically provided by the agreement. *See* TEX. LO-CAL GOV.CODE ANN. § 143.001 *et seq.* and § 174.006(a) (Vernon 1999 & Supp.2002). The Act is intended "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." *Id.* § 143.001(a) (Vernon 1999).

Vacancies in nonentry positions that are not appointed by the department head are filled from lists ranking officers who are eligible for promotion from one classification to the next. *Id.* § 143.036. The department head must appoint the eligible promotional candidate having the highest grade on the list, unless the department head has a valid reason for not doing so, in which case the department head must discuss the reason with the person being bypassed and must file the reason in writing with the Commission. *Id.* § 143.036(f); *International Ass'n of Firefighters Local 624 v. City of San Antonio,* 822 S.W.2d 122, 131 (Tex.App.-San Antonio 1991, writ denied).

Under both the Collective Bargaining Agreement and Local Government Code chapter 143, an officer must meet two eligibility requirements for a promotional appointment: eligibility for promotion and eligibility to take a promotional examination. A police officer is eligible for promotion to a vacant position if the officer "has served in that police department in the next lower position or other positions specified by the commission for at least two years immediately before the date the promotional examination is held." *Id.* § 143.028(b). With certain exceptions not applicable here, vacancies must be filled based on the results of examinations held in accordance with Chapter 143. *Id.* § 143.021(c); *Lee v. City of Houston,* 807 S.W.2d 290, 293 (Tex.1991); *Klinger v. City of San Angelo,* 902 S.W.2d 669, 672 (Tex.App.-Austin 1995, writ denied). Promotional examinations are open to any police officer who has "continuously held" a position in the classification immediately below, in salary, the one having the vacant position for at least two years "immediately before the examination date." Tex. Local Gov.Code Ann. § 143.031(a).

The issue here is whether Perez's years of service as assistant chief may be counted as if he had been serving as a lieutenant so that he would meet Section 143.028(b)'s and 143.031(a)'s eligibility requirements. The City concedes that an officer who moves from the rank of assistant chief to the rank he or she held before the appointment to assistant chief does not lose the benefits of seniority as a result of the move. However, the City argues that seniority does not confer any qualifications for entry into the promotional process. We disagree.

The Collective Bargaining Agreement defines "seniority" as "length of continuous service in the employment of the City of Laredo Police Department." The agreement also states that an officer's seniority shall be considered in determining the rights and priorities of an officer for promotion in accordance with Chapter 143. Because an officer's "length of *continuous* service" as assistant chief is not lost for seniority purposes when the officer is reinstated at a lower rank, those years of service also are not lost for the purpose of determining whether the officer has met the eligibility requirements of Sections 143.028(b) and 143.031(a). In order to prevent the years Perez served as assistant chief from being "lost," those years must count as years served in the position he held immediately before his appointment to assistant chief-that of lieutenant. Therefore, Perez met the two-year eligibility requirement.

## CONCLUSION

■■■ We are compelled to discern the Legislature's intent from the entire Act, not from isolated portions thereof. *Jones v. Fowler,* 969 S.W.2d 429, 432 (Tex.1998). And, we acknowledge the rule of statutory construction that a court must consider the consequences that would follow from its construction of a statute and avoid absurd results. *See* Tex. Gov't Code Ann. § 311.023 (Vernon 1998); *Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex. 1991). Under the City's interpretation, an officer who has faithfully served his or her community would be penalized for willingly serving in a position, such as assistant chief, from which he or she could be removed without the opportunity to file an appeal or grievance. We believe such a result would be contrary to the Act's intent. Therefore, we hold that because Perez retained his years of continuous service in the rank of assistant chief when he was reinstated to the rank of lieutenant, he was eligible for promotion and eligible to take the promotional examination. Accordingly, we reverse the trial court's

judgment and remand the cause for further proceedings.