THE CITY OF WACO,
Texas, Appellant,

v.

Larry KELLEY, Appellee.

No. 10–03–00214–CV.

Court of Appeals of Texas,
Waco.

May 2, 2007.

Art Pertile, City Attorney–City of Waco, Waco, Kevin W. Cole, Cole & Powell PC, Austin, for appellant.

LaNelle L. McNamara, Waco, Michael L. Rickman, Cleat Legal Services, San Antonio, Richard W. Carter, Fort Worth, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

FELIPE REYNA, Justice.

The City of Waco appeals a summary judgment rendered in Larry Kelley's favor which affirmed the decision of an independent hearing examiner: (1) reducing Kelley's indefinite suspension as a police officer to a 180–day temporary suspension; (2) reinstating Kelley at the rank of sergeant; and (3) determining that Kelley "should be made whole subject to the normal principles of mitigation." The district court also awarded attorney's fees to Kelley. The City contends in four issues that: (1) the hearing examiner exceeded his jurisdiction by reducing Kelley's suspension after finding the charges true; (2) the hearing examiner exceeded his jurisdiction by demoting Kelley to the rank of sergeant; (3) the hearing examiner exceeded his jurisdiction by awarding back pay and benefits to Kelley; and (4) the district court erred by awarding attorney's fees to Kelley. Kelley contends in a cross-issue that the court erred by denying his appeal of the hearing examiner's refusal to dismiss the indefinite suspension because he was indefinitely suspended before he was convicted of the offense which was the basis for the suspension.

On original submission, this Court vacated the judgment of the trial court for want of jurisdiction and dismissed the appeal. *City of Waco v. Kelley,* No. 10–03–214–CV, 2004 WL 2481383 (Tex.App.-Waco Oct.29, 2004) (citing *City of Houston v. Clark,* 142 S.W.3d 350 (Tex.App.-Houston [1st Dist.] 2004)). On decisions issued the same day however, the Supreme Court reversed the decision of the First Court of Appeals in *Clark* and our decision in *Kelley,* concluding in both that the trial court had jurisdiction. *See City of Waco v. Kelley,* 197 S.W.3d 324, 325 (Tex.2006) (per curiam);

*City of Houston v. Clark,* 197 S.W.3d 314, 324 (Tex.2006).

We will affirm in part and reverse and render in part.

## Background

Kelley was Waco's Assistant Chief of Police in January 2001 when he was arrested in Austin for driving while intoxicated. After an internal investigation, Chief of Police Alberto Melis issued a letter of suspension on April 2, suspending Kelley indefinitely. Kelley appealed the suspension to an independent third party hearing examiner who issued his decision in June 2002. The hearing examiner found the charges to be true but reduced the indefinite suspension to a 180–day suspension with reinstatement at the rank of sergeant. The examiner also determined that Kelley "should be made whole subject to the normal principles of mitigation."

The City challenged this decision by appeal to district court under section 143.057(j) of the Local Government Code. *See* TEX. LOC. GOV'T CODE § 143.057(j) (Vernon Supp.2006). The City contended in its petition that the hearing examiner exceeded his jurisdiction by (a) considering evidence not presented at the hearing, (b) reducing the period of suspension and demoting Kelley, and (c) awarding back pay and benefits. Kelley filed a general denial, accompanied by: (a) a request to dismiss the City's appeal because there was no basis for the district court to assert jurisdiction under section 143.057(j), (b) a request that the district court reconsider the hearing examiner's denial of his motion to dismiss the indefinite suspension, and (c) a request for attorney's fees.

Kelley later filed a motion to dismiss the city's appeal to district court for want of jurisdiction alleging that Chapter 143 of the Local Government Code provides for an appeal of a hearing examiner's decision only by a fire fighter or police officer.

Kelley also filed a no-evidence summary judgment motion. In this motion, Kelley contended that the City could produce no evidence that the hearing examiner exceeded his jurisdiction. In a response, the City argued that the hearing examiner exceeded his jurisdiction by: (1) considering a document entitled a Blood Alcohol Content Calculator which was not presented during the hearing but attached to a post-hearing brief submitted by Kelley; (2) reducing Kelley's indefinite suspension to a 180–day suspension after finding the charges against Kelley true; (3) awarding Kelley back pay and benefits; and (4) considering Kelley's "popularity within the Department" as a basis for reinstatement.

Finally, Kelley filed a counter-appeal contending that the hearing examiner should have granted his motion to dismiss the City's letter suspension dated April 2, 2001 because the City did not strictly comply with the requirements of section[1] 143.056. *See* TEX. LOC. GOV'T CODE ANN. § 143.056 (Vernon 1999).

After a hearing, the court granted Kelley's no-evidence motion, denied Kelley's motion to dismiss, denied Kelley's counter-appeal, affirmed the hearing examiner's decision, and awarded Kelley $12,500 in attorney's fees.

## Standards of Review

We apply the same standard in reviewing a no-evidence summary judgment as we would in reviewing a directed verdict.

---

**1.** The use of the term "section" hereinafter refers to a section of the Local Government Code unless otherwise indicated.

*Rice v. Russell–Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex.App.-Waco 2004, pet. denied). We review the summary-judgment evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment will be defeated if the non-movant produces some evidence on the elements challenged by the movant. *Id.*

The decision of an independent third-party hearing examiner ordinarily is "final and binding on all parties." Tex. Loc. Gov't Code Ann. § 143.057(c) (Vernon Supp.2006). However, a party may challenge the hearing examiner's decision in district court on the grounds that the hearing examiner "was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *Id.* § 143.057(j); *see City of Laredo v. Leal,* 161 S.W.3d 558, 562–63 (Tex.App.-San Antonio 2004, pet. denied). This has been construed as an "abuse-of-authority" standard. *See Leal,* 161 S.W.3d at 563; *City of Garland v. Byrd,* 97 S.W.3d 601, 607 (Tex.App.-Dallas 2002, pet. denied); *Nuchia v. Tippy,* 973 S.W.2d 782, 786 (Tex.App.-Tyler 1998, no pet.). "An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law." *Leal,* 161 S.W.3d at 563; *Byrd,* 97 S.W.3d at 607; *see also City of Carrollton Civil Serv. Comm'n v. Peters,* 843 S.W.2d 186, 188 (Tex.App.-Dallas 1992, writ denied) (citing *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)).

### Authority to Reduce Period of Suspension

█ The City contends in its first issue that the hearing examiner exceeded his jurisdiction by reducing the length of Kelley's suspension after finding that Kelley violated the Code of Conduct provisions of the Waco Police Department General Orders (General Order 10.01) and section 53 of the Fire Fighters' and Police Officers' Civil Service Regulations. The City argues that section 143.014 controlled the hearing examiner's decision because Kelley was an assistant chief when he was suspended. *See* Tex. Loc. Gov't Code Ann. § 143.014 (Vernon 1999).

█ Kelley responds that the hearing examiner's decision is authorized by section 143.053, which applies generally to police officers and fire fighters with civil service protection. Tex. Loc. Gov't Code Ann. § 143.053 (Vernon Supp.2006). Therefore, we must construe these statutes to determine whether the hearing examiner exceeded his authority.

Our purpose in construing a statute is to determine the Legislature's intent. As a starting point, we construe statutes as written and, if possible, ascertain intent from the statutory language. We may also consider other factors, including the object the statute seeks to obtain, legislative history, and the consequences of a particular construction. Moreover, we must always consider a statute as a whole and attempt to harmonize its various provisions. *Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 706 (Tex.2002) (citations omitted); *see also* Tex. Gov't Code Ann. §§ 311.021, 311.023 (Vernon 2005). "Statutory construction is a question of law, and our review is accordingly de novo." *State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006).

Section 143.014 applies only to persons "appointed to a position in the classification immediately below that of the head of the police [or fire] department." *Id.* § 143.014(d), (e).

If a person appointed under this section is charged with an offense in viola-

tion of civil service rules and indefinitely suspended by the department head, the person has the same rights and privileges of a hearing before the commission [2] in the same manner and under the same conditions as a classified employee. If the commission, a hearing examiner, or a court of competent jurisdiction finds the charges to be untrue or unfounded, the person shall immediately be restored to the same classification, or its equivalent, that the person held before appointment. The person has all the rights and privileges of the prior position according to seniority, and shall be repaid for any lost wages.

*Id.* § 143.014(h) (footnote added).

The City contends that, under the plain language of section 143.014(h), an assistant chief may be restored to a former position only if the hearing examiner "finds the charges to be untrue or unfounded." According to the City's argument, if the hearing examiner had found the charges to be untrue, then Kelley could have been restored to the position of commander, which he held before he was appointed assistant chief. Because the hearing examiner found the charges true however, the City insists that the hearing examiner's only option was to uphold the indefinite suspension.

Kelley contends that subsections (e) and (f) of section 143.053 support the hearing examiner's decision.

(e) In its decision, the commission shall state whether the suspended fire fighter or police officer is:

(1) permanently dismissed from the fire or police department;

(2) temporarily suspended from the department; or

(3) restored to the person's former position or status in the department's classified service.

(f) If the commission finds that the period of disciplinary suspension should be reduced, the commission may order a reduction in the period of suspension. If the suspended fire fighter or police officer is restored to the position or class of service from which the person was suspended, the fire fighter or police officer is entitled to:

(1) full compensation for the actual time lost as a result of the suspension at the rate of pay provided for the position or class of service from which the person was suspended; and

(2) restoration of or credit for any other benefits lost as a result of the suspension, including sick leave, vacation leave, and service credit in a retirement system. Standard payroll deductions, if any, for retirement and other benefits restored shall be made from the compensation paid, and the municipality shall make its standard corresponding contributions, if any, to the retirement system or other applicable benefit systems.

*Id.* § 143.053(e), (f) (Vernon Supp.2006).

Unlike section 143.014 which specifically applies to assistant chiefs, section 143.053 applies generally to police officers and fire fighters with civil service protection. The City argues that these provisions cannot be construed harmoniously and that section 143.014 provides the exclusive "remedy" for an officer in Kelley's position. Kelley responds that the remedy provided by section 143.014(h) applies only when the charges are found to be untrue. He suggests that this unique remedy was created for assistants appointed under section 143.014 because such appointees serve

---

**2.** An independent third party hearing examiner "has the same duties and powers as the commission." Tex. Loc. Gov't Code Ann. § 143.057(f) (Vernon Supp.2006).

solely "at the pleasure of the department head" and may be removed at any time. *See id.* § 143.014(g). Thus, even if an appointee is found to have been suspended on the basis of false charges, the assistant cannot be reinstated to the appointed position unless the department head chooses to do so.

Section 143.021(b) seems to support the City's interpretation. *Id.* § 143.021(b) (Vernon 1999). That statute provides in pertinent part, "Except for the department head and *a person the department head appoints in accordance with Section 143.014* or 143.102, each fire fighter and police officer is classified as prescribed by this subchapter and has civil service protection." *Id.* (emphasis added). Thus, under the plain language of section 143.021(b), Kelley did not have "civil service protection" at least for his appointed position of assistant chief. This interpretation is supported by the Revisor's Note accompanying section 143.021.

> Although Section 8(c) of the source law states that all fire fighters and police officers except the department head are under civil service protection, it is clear from Section 8(f) of the source law, codified as Section 143.102,[3] that the legislature intended that a person appointed as assistant chief not have full civil service protection. The source law reflects this intent.

*Id.* § 143.021 revisor's note (2) (Vernon 1999) (footnote added).

The former article 1269m, section 8(c) of the Revised Civil Statutes provided, "Firemen and policemen shall be classified as above provided, and shall be under civil service protection except the Chief or Head of such Fire Department or Police Department, by whatever name he may be known." Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 2, 1983 Tex. Gen. Laws 2246, 2248 (repealed 1987) (current version at Tex. Loc. Gov't Code Ann. § 143.021(b)).

Article 1269m, section 8A(f)[4] provided:

> Except for the chief or head of the fire or police department, and except for those persons selected and appointed to the classification immediately below the chief or department head by the chief or head of the fire or police department, firemen and policemen are classified as prescribed by this section, and are under civil service protection.

Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 3, 1983 Tex. Gen. Laws 2246, 2251 (repealed 1987) (current version at Tex. Loc. Gov't Code Ann. § 143.021(b)).

Although the Legislature did not retain the same language when it codified the provisions of the Civil Service Act in the Local Government Code, no substantive change was intended thereby. Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 51, 1987 Tex. Gen. Laws 707, 1308; *see also* Tex. Loc. Gov't Code Ann. § 1.001(a) (Vernon 1999); *Coastal Marine Serv. of Tex., Inc. v. City of Port Neches,* 11 S.W.3d 509, 512–13 (Tex.App.-Beaumont 2000, no pet.); *Collier v. Firemen's & Policemen's Civil Serv. Comm'n,* 817 S.W.2d 404, 405 n. 1 (Tex.App.-Fort Worth 1991, writ denied).

Therefore, an assistant police chief appointed under section 143.014 does "not

---

3. Section 143.102 is comparable to section 143.014 and provides for the appointment of assistant chiefs in a municipality with a population of 1.5 million or more. *See id.* § 143.101 (Vernon 1999), § 143.102 (Vernon Supp.2006).

4. Although the revisor's note refers to "Section 8(f) of the source law," article 1269m, section 8 did not have a subsection (f). *See* Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 2, 1983 Tex. Gen. Laws 2246, 2247–49. From the context, it appears that the proper reference is to section 8A(f).

have full civil service protection." TEX. LOC. GOV'T CODE ANN. § 143.021 revisor's note (2). We construe this to mean that an assistant police chief does "not have full civil service protection" in his or her appointed position. This interpretation is best illustrated by contrasting it with the interpretation advanced by the City. *See* TEX. GOV'T CODE ANN. § 311.023(5) (court may consider "consequences of a particular construction" when interpreting a statute); *Marcus Cable Assocs.*, 90 S.W.3d at 706 (same).

First, we consider a hypothetical scenario unlike Kelley's in which the charges are found to be untrue. Because the assistant serves at the pleasure of the department head, a civil service commission or hearing examiner has no authority to order the reinstatement of an assistant who has been indefinitely suspended to that appointed position if the charges are found untrue. Rather, the greatest relief the commission or hearing examiner can afford is to restore the appointed person to the position held immediately before the appointment. *Id.* § 143.014(h). Conversely, for a suspended officer with "full" civil service protection, the commission or hearing examiner may order the officer "restored to the person's former position or status" if the charges are found untrue. *Id.* § 143.053(e)(3).

Now we consider a scenario like Kelley's in which the charges are found to be true. Under the City's approach, an assistant chief in this situation has no recourse. Despite twenty-eight years of service to the department, Kelley or any similarly-situated officer could be dismissed[5] because he accepted the appointed position of assistant chief. Conversely, an officer of lower rank could seek reinstatement or a reduction of suspension, even if the charges were found to be true. *Id.* § 143.053(e), (f); *Leal*, 161 S.W.3d at 563–64. In this regard, the City's interpretation is similar to that of the City of Laredo in *Perez v. City of Laredo*, 82 S.W.3d 605 (Tex.App.-San Antonio 2002, no pet.).

In that case, Stephen Perez had served in the Laredo police department for nineteen years. He held the rank of lieutenant from August 1992 until February 1994 when he was appointed to the position of assistant chief. In May 1997, he returned to the rank of lieutenant. He took a promotional examination for the rank of captain in January 1999 and placed first. However, the commission upheld the second-place finisher's challenge to Perez's qualifications because Perez had not served as lieutenant for the two years immediately preceding the date of the examination. *See* TEX. LOC. GOV'T CODE ANN. § 143.028(b) (Vernon Supp.2006). The City of Laredo defended the commission's decision on appeal to the district court and then to the San Antonio Court of Appeals. However, the San Antonio Court rejected the City of Laredo's position and concluded that Perez was qualified.

Under the City's interpretation, an officer who has faithfully served his or her community would be penalized for willingly serving in a position, such as assistant chief, from which he or she could be removed without the opportunity to file an appeal or grievance. We believe such a result would be contrary to the [Civil Service] Act's intent. Therefore, we hold that because Perez retained his years of continuous service in the rank of assistant chief when he was reinstated to the rank of lieutenant, he was eligible

---

**5.** "An indefinite suspension is equivalent to dismissal from the department." TEX. LOC. GOV'T CODE ANN. § 143.052(b) (Vernon 1999); *see also Kirkwood v. City of Corsicana*, 871 S.W.2d 544, 545 n. 1 (Tex.App.-Waco 1994, no writ).

for promotion and eligible to take the promotional examination. *Perez*, 82 S.W.3d at 608. Thus, an officer who accepts an appointment under section 143.014 does not forfeit all benefits of civil service protection by accepting that position.

Rather, the civil service protections do not apply to that appointed position. This interpretation is supported by examining other provisions of the Civil Service Act. For example, an officer need not pass an examination to be appointed as an assistant chief under section 143.014.[6] *Cf.* Tex. Loc. Gov't Code Ann. § 143.021(c) (Vernon 1999). And if an officer appointed under section 143.014 is suspended on the basis of charges which are later found to be untrue, the officer cannot be reinstated to the appointed position by the commission or by a hearing examiner. *Cf. id.* § 143.053(e)(3).

Therefore, we hold that section 143.014(h) applies only when the commission, a hearing examiner, or a court finds the charges against an assistant chief to be untrue or unfounded. Thus, this provision operates to prevent the hearing examiner from restoring the officer to the appointed position in this unique situation.

Apart from this unique situation, an independent hearing examiner has the authority and jurisdiction to reduce the length of an indefinite suspension, even if the charges are found to be true. *See* Tex. Loc. Gov't Code Ann. § 143.053(e)(2), (f); *Leal*, 161 S.W.3d at 563–64. Therefore,

the hearing examiner in Kelley's case did not exceed his jurisdiction by reducing the length of Kelley's suspension after finding the charges true.

## Authority to Demote

■ The City contends in its second issue that the hearing examiner exceeded his jurisdiction by demoting Kelley to the rank of sergeant. This Court has already determined that a civil service commission lacks authority or jurisdiction to order the demotion of a police officer when deciding an appeal of a disciplinary suspension. *See Kirkwood v. City of Corsicana*, 871 S.W.2d 544, 547 (Tex.App.-Waco 1994, no writ). This same principle applies to an independent hearing examiner. *See* Tex. Loc. Gov't Code Ann. § 143.057(f) (Vernon Supp.2006). Therefore, we sustain the City's second issue.

## Award of Back Pay and Benefits

■ The City contends in its third issue that the hearing examiner exceeded his jurisdiction by awarding back pay and benefits to Kelley because: (1) the hearing examiner should have upheld the indefinite suspension; (2) section 143.014 authorizes an award of back pay only when the hearing examiner finds the charges to be untrue or unfounded; and (3) even assuming the hearing examiner properly demoted Kelley to the rank of sergeant, the Civil Service Act does not provide for an award of back pay and benefits when an officer is demoted.

6. To be eligible for appointment under section 143.014, an officer must: "(1) be employed by the municipality's police department as a sworn police officer; (2) have at least two years' continuous service in that department as a sworn police officer; and (3) meet the requirements for appointment as head of a police department prescribed by Section 143.013(b)." Tex. Loc. Gov't Code Ann. § 143.014(d) (Vernon 1999). With regard to requirement (3), "A person appointed as head of a police department must be eligible for certification by the Commission on Law Enforcement Officer Standards and Education at the intermediate level or its equivalent as determined by that commission and must have served as a bona fide law enforcement officer for at least five years." *Id.* § 143.013(b) (Vernon 1999).

The hearing examiner actually determined that Kelley "should be made whole subject to the normal principles of mitigation." The parties agree that this constitutes an award of back pay and benefits from the date the reduced, 180–day suspension ended.

We have already determined that the hearing examiner had the authority to reduce Kelley's indefinite suspension. Thus, we reject the City's first challenge to the award of back pay and benefits.

With regard to the City's second argument regarding section 143.014, we have already explained that this section applies only when the hearing examiner finds the charges to be untrue or unfounded and operates to prevent the hearing examiner from restoring the officer to the appointed position. Thus, we reject the City's second argument.

Regarding the City's final challenge to the award of back pay and benefits, we have already determined that the hearing examiner was not authorized to order Kelley's demotion but he was authorized to reduce the term of Kelley's suspension. When an officer receives a temporary suspension, the officer is not entitled to compensation during the period of suspension. *See, e.g., Leal,* 161 S.W.3d at 563–64; *cf.* TEX. LOC. GOV'T CODE ANN. § 143.053(f) (if police officer "restored" to position or class from which suspended, officer entitled to "full compensation for the actual time lost" as a result of improper suspension); *City of Waco v. Bittle,* 167 S.W.3d 20, 30 (Tex. App.-Waco 2005, pet. denied) (same).

The City does not contend that the hearing examiner awarded back pay and benefits during the period of the 180–day suspension. Kelley is entitled to compensation following the expiration of his suspension, which includes back pay and benefits from the end of the period of suspension through the date of the hear-

ing examiner's decision. Therefore, the hearing examiner did not exceed his authority or jurisdiction by determining that Kelley "should be made whole subject to the normal principles of mitigation."

Accordingly, we overrule the City's third issue.

## Attorney's Fees

■ The City contends in its fourth issue that the district court erred by awarding attorney's fees to Kelley.

Section 143.015(c), which governs the appeal to district court of a civil service commission decision, provides that the district court "may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party." TEX. LOC. GOV'T CODE ANN. § 143.015(c) (Vernon 1999). The Dallas Court of Appeals has concluded that this provision also applies to an appeal of an independent hearing examiner's decision under section 143.057(j). *City of Carrollton v. Popescu,* 806 S.W.2d 268, 273–74 (Tex.App.-Dallas 1991, no writ); *see also* TEX. LOC. GOV'T CODE ANN. § 143.057(j) (Vernon Supp.2006).

As the Dallas Court explained, "[t]he statutory provisions of sections 143.015 and 143.057 must be read together in order for the trial court to grant the proper legal or equitable relief necessary to carry out the purposes of Chapter 143." *Popescu,* 806 S.W.2d at 274. This rationale is similar to the reasoning we employed in construing sections 143.053 and 143.057, and we find it persuasive.

Nevertheless, the City contends that Kelley was not the "prevailing party" in the City's appeal to the district court. We disagree. The "prevailing party" for purposes of an attorney's fee award has been variously defined as:

- "the party to the suit 'who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention'"; *Flagship Hotel, Ltd. v. City of Galveston,* 117 S.W.3d 552, 564 (Tex.App.-Texarkana 2003, pet. denied) (quoting *FDIC v. Graham,* 882 S.W.2d 890, 900 (Tex.App.-Houston [14th Dist.] 1994, no writ)); *accord Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 749 (Tex. App.-Fort Worth 2005, no pet.); BLACK'S LAW DICTIONARY 1352 (4th ed. rev.1968);

- the one "who is vindicated by the trial court's judgment"; *Head,* 159 S.W.3d at 749; *Flagship Hotel,* 117 S.W.3d at 565;

- the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Flagship Hotel,* 117 S.W.3d at 565 (quoting BLACK'S LAW DICTIONARY 1145 (7th ed.1999)); *accord* BLACK'S LAW DICTIONARY 1154 (8th ed.2004).

Here, the City was dissatisfied with the hearing examiner's decision to reduce Kelley's suspension and award him back pay and benefits, so the City appealed to the district court. The district court upheld the hearing examiner's decision in every respect. Under any of these definitions, Kelley is the prevailing party. Accordingly, we conclude that the district court was authorized to award Kelley attorney's fees as the prevailing party. *See Popescu,* 806 S.W.2d at 273–74. We overrule the City's fourth issue.

### Cross–Appeal

■ Kelley contends in his sole cross-issue that the district court erred by denying his appeal of the hearing examiner's refusal to dismiss the indefinite suspension. However, Kelley did not file a separate notice of appeal, even though he seeks to alter the district court's judgment. *See* TEX.R.APP. P. 25.1(c). Therefore, he did not properly invoke this Court's jurisdiction to consider his cross-issue. *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 171 (Tex.2004); *In re M.P.M.,* 161 S.W.3d 650, 660–61 (Tex.App.-San Antonio 2005, no pet.); *City of Houston v. Boyle,* 148 S.W.3d 171, 175 n. 5 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

### Conclusion

The independent hearing examiner acted within his jurisdiction and authority by reducing the length of Kelley's suspension and did not exceed his jurisdiction or authority by determining that Kelley "should be made whole subject to the normal principles of mitigation." The district court properly awarded Kelley his attorney's fees. However, the hearing examiner exceeded his jurisdiction and authority by ordering Kelley's demotion.

Accordingly, we affirm those portions of the judgment reducing the length of Kelley's suspension and awarding Kelley his attorney's fees. However, we reverse that portion of the judgment ordering Kelley's reinstatement at the rank of sergeant, and we render judgment reinstating Kelley at the rank of commander, which was the rank he held immediately before his appointment as assistant chief. *See Butler v. Group Life & Health Ins. Co.,* 962 S.W.2d 296, 302 (Tex.App.-Austin 1998, no pet.) (reversing district court judgment which upheld administrative determination, and rendering judgment in favor of plaintiff); *Jim Sowell Constr. Co. v. Dallas Cent. Appraisal Dist.,* 900 S.W.2d 82, 86 (Tex. App.-Dallas 1995, writ denied) (reversing district court judgment which upheld administrative decision in appraisal dispute,

and rendering judgment in favor of plaintiff).

Chief Justice GRAY dissenting.[7]

TOM GRAY, Chief Justice, dissenting.

### PROLOGUE

Dear City of Waco,

Congratulations, you have prevailed on your legal argument that the hearing examiner's judgment reducing Kelley's indefinite suspension to only 180 days and demoting him to sergeant was not authorized. Because you prevailed, he is not demoted and you have to take him back as a commander. You were victorious in this battle, so you lost the war.

Sincerely,
A majority of the
Justices on the
Tenth Court of Appeals

### OVERVIEW

This is an appeal of a civil service hearing examiner's judgment which reduced the time of a suspension from indefinitely to 180 days and demoted the employee. The hearing examiner imposed a discipline that is not authorized by the civil service statute. The City of Waco argued in the trial court, and now before this Court, that the unauthorized discipline was an abuse of authority. It was. The entire proceeding must, therefore, return to the hearing examiner and we can affirm no part of the district court's decision.

But the majority decides what they would have done and renders a judgment. "Big mistake. Big. Huge." *Pretty Woman* (Touchstone Pictures 1990) (motion picture). Kelley gets only a slap on the wrist of a 180 day suspension and reinstated as a commander for driving drunk, rather than indefinite suspension.

So the majority negates the determination that the hearing examiner made to not reinstate Kelley as commander. It appears the hearing examiner tried to strike some kind of a balance by shortening the time of the suspension, but to bust him back to sergeant. The hearing examiner specifically found he should not be returned to duty as a commander.

### BACKGROUND FACTS

Kelley, a City of Waco Assistant Police Chief, while attending a police conference in Austin, Texas, was arrested while driving under the influence of alcohol. The City of Waco Police Chief, in the terminology of the civil service statute, suspended him indefinitely. In words common to the average person, Kelley was fired for driving while drunk.

### PROCEDURAL BACKGROUND

Kelley appealed the firing. A hearing was held. The hearing examiner deter-

---

7. In reading the dissenting opinion's Prologue and Epilogue, we are reminded of the recent observation of the Court of Criminal Appeals:

> First, the statement[s][are] unnecessary; [they] contribute[ ] nothing to the legal issue before us. Second, and most importantly, [they are] highly unprofessional. When a judge chastises other members of the judiciary in this manner, it not only reflects poorly on the judge, it undermines the integrity of the justice system. The words of Supreme Court Justice Kennedy are particularly appropriate here:

> The collegiality of the judiciary can be destroyed if we adopt the habits and mannerisms of modern, fractious discourse. Neither in public nor in private must we show disrespect for our fellow judges. Whatever our failings, we embody the law and its authority. Disrespect for the person leads to disrespect for the cause.
> If public respect for the judiciary is to be maintained, it must begin from within.

> *Ex parte Olivares*, 202 S.W.3d 771, 773 (Tex. Crim.App.2006) (quoting Anthony M. Kennedy, *Judicial Ethics and the Rule of Law*, 40 St. Louis U. L.J. 1067, 1072 (1996)).

mined that Kelley's suspension would be limited to 180 days and that he would be demoted to sergeant. The City appealed the decision to district court. The district court affirmed the hearing examiner and also awarded Kelley attorney fees. The City appealed the district court's decision to this Court. A majority of this Court held we had no jurisdiction and dismissed the appeal. *City of Waco v. Kelley,* No. 10–03–00214–CV, 2004 Tex.App. LEXIS 9828, 2004 WL 2481383 (Tex.App.-Waco Oct. 29, 2004) (mem.op.). The City appealed the dismissal to the Texas Supreme Court. The Texas Supreme Court decided the majority's dismissal for lack of jurisdiction was error and remanded the appeal to this Court for a decision on the merits. *City of Waco v. Kelley,* 197 S.W.3d 324 (Tex.2006). This is now the decision on the merits.

### DECISION ON THE MERITS

The position of assistant police chief is obtained by an appointment made by the police chief. Because it is an appointed position, the position is not considered a position in the department's classified services for purposes of the civil service commission statute in the Local Government Code.

If the police chief decides to discipline an assistant chief by an indefinite suspension, the assistant chief can appeal the suspension. Specifically, the Code provides:

> If a person appointed under this section is charged with an offense in violation of civil service rules and indefinitely suspended by the department head, the person has the same rights and privileges of a hearing before the commission in the same manner and under the same conditions as a classified employee. If the commission, a hearing examiner, or a court of competent jurisdiction finds the charges to be untrue or unfounded, the person shall immediately be restored to the same classification, or its equivalent, that the person held before appointment. The person has all the rights and privileges of their prior position according to seniority, and shall be repaid for any lost wages.

TEX. LOC. GOV'T CODE ANN. § 143.014(h) (Vernon 1999).

But if the assistant chief prevails at the disciplinary hearing, his best outcome, if it is determined that the charges are untrue or unfounded, is to be restored to the classified position held before the appointment. *Id.* This is the natural result of serving in an appointed position and the person making the appointment would fire the person but the hearing examiner determines there is no basis to support firing. Therefore, the person is returned to the last civil service position held before the appointment.

We need not dwell on this outcome, however, because the hearing examiner did not find that the charge of driving while intoxicated was untrue or unfounded. The City argues that this statute is the hearing examiner's only option. I disagree with the City of Waco's interpretation of this statute that this is the only outcome for an assistant chief. There is nothing that indicates that the hearing examiner's options are limited to affirming the indefinite suspension if charges are not found to be untrue or unfounded or reinstatement to the position prior to appointment if the charges are found to be untrue or unfounded. The plain wording of the statute actually negates such a reading.

The first sentence clearly states that a person in Kelley's position "has the same rights and privileges of a hearing before [a hearing examiner] in the same manner and under the same conditions as a classified employee." *Id.* I do not read this to mean

only as to having a hearing. This provision does not imply the all or nothing position advocated by the City that the person's firing is upheld unless the charges are found untrue or unfounded.

Rather, the provision makes it clear that the person serving in an appointed position still has the same rights and privileges to civil service protection after an appointment as before the appointment when threatened with being fired for a civil service violation.

Does the "rights and privileges" mean only a hearing? I do not believe it is so limited. A fair reading means they have the same rights and privileges they would have if they were still serving in a classified position. This means the person has the same rights and privileges so the hearing examiner is limited to the same disciplinary remedies as with any other classified position.

As the City of Waco has consistently argued in the alternative, the hearing examiner had no authority to demote Kelley from Commander, the last position Kelley held prior to the appointment, to sergeant. Demotion is simply not an available remedy under these circumstances because the police chief did not request demotion. *See* TEX. LOC. GOV'T CODE ANN. § 143.054 (Vernon 1999). The available remedy and the results thereof are spelled out for the examiner as follows:

(e) In its decision, the commission shall state whether the suspended fire fighter or police officer is:

(1) permanently dismissed from the fire or police department;

(2) temporarily suspended from the department; or

(3) restored to the person's former position or status in the department's classified service.

(f) If the commission finds that the period of disciplinary suspension should be reduced, the commission may order a reduction in the period of suspension. If the suspended fire fighter or police officer is restored to the position or class of service from which the person was suspended, the fire fighter or police officer is entitled to:

(1) full compensation for the actual time lost as a result the suspension at the rate of pay provided for the position or class of service from which the person was suspended; and

(2) restoration of or credit for any other benefits lost as a result of the suspension, including sick leave, vacation leave, and service credit in a retirement system. Standard payroll deductions, if any, for retirement and other benefits restored shall be made from the compensation paid, and the municipality shall make its standard corresponding contributions, if any, to the retirement system or other applicable benefit systems.

*Id.* § 143.053(e), (f) (Vernon Supp.2006).

The examiner, however, not only determined that the suspension should be temporary rather than permanent, the examiner also busted Kelley back to sergeant because he determined that Kelley should not return to work after the suspension as a commander. Thus, under the first sentence of § (f), the hearing examiner was authorized to reduce the period of suspension because he determined that Kelley should be temporarily suspended, for 180 days, *id.* § (e)(2), rather than permanently dismissed, *id.* § (e)(1).[1] But nowhere in

---

1. I note that the second sentence of subsection (f), including the two subparts, is applicable only if the examiner makes the determination under subsection (e)(3) that the person should be restored to their former position. As such, this provision is not applicable to a

section 143.053 is the hearing examiner authorized to demote Kelley. The examiner clearly exceeded his authority. The City's issue should be sustained, and the entire proceeding should be remanded to the hearing examiner for further proceedings consistent with this opinion.

On appeal, we can render the judgment the trial court should have rendered. In this appeal, that means we must determine what judgment the trial court should have rendered. In this administrative appeal, the trial court could render the judgment the hearing examiner should have rendered. The hearing examiner, however, had a broad range of options, but the option he chose happened to be invalid. I recognize that the hearing examiner's decision to reduce the length of Kelley's suspension may have been closely related to his decision to demote Kelley. Thus, we do not know what decision the hearing examiner would have made if he had known that a demotion was not an option. The hearing examiner obviously thought something more than a 180 day suspension was warranted for Kelley's actions. The hearing examiner expressly determined Kelley should NOT be *reinstated* to his former position as commander. There is no question that the hearing examiner could have affirmed the indefinite suspension. There is no way for the trial court or this Court to determine if the hearing examiner knew his only option was to reinstate Kelley as commander whether he would have reinstated him at all. Alternatively, the hearing examiner may have decided to substantially lengthen the suspension, maybe until all appeals are exhausted, before he was reinstated as commander. There is no cause, much less just cause, for the majority to make the decision for the hearing examiner by reinstating Kelley as a commander.

This Court simply does not have the authority to reinstate Kelley as commander. That is giving a party who did not file a notice of appeal a more favorable judgment without just cause. *See* Tex.R.App. P. 25.1(c). And to add to the impropriety, the majority is not only giving a non-appealing party a more favorable judgment, they are giving him something he did not even ask for!

I dissent, I really dissent.

## ATTORNEY FEES

By the Court's judgment, Kelley should be returned to the same place he was when he first appealed the police chief's permanent suspension of him to the hearing examiner. The majority, however, also affirms the trial court's award of attorney fees to Kelley. Kelley is not entitled to attorney fees because he would not be a prevailing party if he was returned to the position immediately before his appeal to the hearing examiner. I must also, therefore, dissent from the majority's judgment awarding attorney fees.

## CONCLUSION

We do not know what the hearing examiner, if faced with the knowledge that Kelley must be returned to commander, would have done. The hearing examiner, however, left no doubt that he thought that was not warranted based upon the facts of

---

person who has been temporarily suspended under subsection (e)(2), as Kelley has been. This limitation on the applicability of this provision should not be confused with what may be the City of Waco's obligation to pay Kelley from the end of his temporary suspension, if ordered by the hearing examiner on remand, through the date of payment, which may be a long time indeed. But it is not, technically speaking, a restoration to his former position under subsection (e)(3) and the remedies described therefore in subsection (f)(1) and (2).

Kelley's violation. It would not have been error for the hearing examiner to affirm the indefinite suspension. Thus, we do not know what judgment the hearing examiner would have or should have rendered. I know what I would have done, but that, like knowing what the majority would do, is not relevant to our review of what the hearing examiner did. Basically, there is no alternative than to start over. Further, we have no authority to give Kelley a more favorable judgment than did the hearing examiner because Kelley is not an appealing party and he did not ask to be reinstated as commander or complain about being busted back to sergeant.

### Epilogue

Dear City of Waco,

Sorry to put you through this, but you are going to have to go to the Supreme Court in Austin, again. The Tenth Court of Appeals in Waco has some problems right now that I hope are fixed real soon. But for now, you are in the appellate district that was reversed in 2006 more often than any other appellate court in Texas.[2]

**2.** *See,* in the last calendar year, in the Texas Supreme Court, *e.g., Norris v. State Farm Mut. Auto. Ins. Co.,* 217 S.W.3d 1 (Tex.App.-Waco, 2004) (mem.op.), *rev'd,* 50 Tex. Sup.Ct. J. 269, 2006 Tex. LEXIS 1298, 216 S.W.3d 819 (Tex. Dec. 22, 2006); *Texas Dep't of Pub. Safety v. Alford,* 154 S.W.3d 133 (Tex.App.-Waco 2004), *rev'd,* 209 S.W.3d 101 (Tex.2006) (per curiam); *City of Waco v. Kelley,* No. 10–03–00214–CV, 2004 Tex.App. LEXIS 9828, 2004 WL 2481383 (Tex.App.-Waco Oct. 29, 2004) (mem.op.), *rev'd,* 197 S.W.3d 324 (Tex.2006) (per curiam); *Univ. of Tex. Med. Branch v. Estate of Blackmon,* 169 S.W.3d 712 (Tex. App.-Waco 2005), *vacated,* 195 S.W.3d 98 (Tex.2006) (per curiam); *Scott v. Citizen's Nat'l Bank,* No. 10–03–00322–CV, 2005 Tex. App. LEXIS 2587, 2005 WL 762585 (Tex. App.-Waco Mar. 30, 2005), *rev'd sub nom. Citizens Nat'l Bank v. Scott,* 195 S.W.3d 94 (Tex.2006) (per curiam); *Langley v. Jernigan,* No. 10–00–00373–CV, 2005 Tex.App. LEXIS 1687, 2005 WL 486759 (Tex.App.-Waco Mar. 2, 2005) (mem.op.), *rev'd,* 195 S.W.3d 91 (Tex. 2006) (per curiam); *Kiefer v. Touris,* No. 10–03–00331–CV, 2005 Tex.App. LEXIS 5079, 2005 WL 1531063 (Tex.App.-Waco June 29, 2005) (mem.op.), *rev'd,* 197 S.W.3d 300 (Tex. 2006) (per curiam); *Elwood v. Kroger Co.,* No. 10–02–00349–CV, 2004 Tex.App. LEXIS 10119, 2004 WL 2567069 (Tex.App.-Waco Nov.10, 2004) (mem.op.), *rev'd,* 197 S.W.3d 793 (Tex.2006) (per curiam); *Lingafelter v. Shupe,* 154 S.W.3d 233 (Tex.App.-Waco 2005), *rev'd,* 192 S.W.3d 577 (Tex.2006) (per curiam).

    *See also,* in criminal cases, *e.g., Westerman v. State,* No. 10–04–00292–CR, 2005 Tex.App. LEXIS 4842, 2005 WL 1484056 (Tex.App.-Waco June 22, 2005) (not designated for publication) (mem.op.), *rev'd,* No. PD–1314–05, 2006 WL 2694388 (Tex.Crim.App. Sept.20, 2006) (not designated for publication); *Meza v. State,* No. 10–05–00037–CR, 2005 Tex.App. LEXIS 5566, 2005 WL 1654761 (Tex.App.-Waco July 13, 2005) (mem.op.) (not designated for publication), *remanded,* 206 S.W.3d 684 (Tex.Crim.App.2006) (sua-sponte discretionary review); *Kniatt v. State,* 157 S.W.3d 83 (Tex.App.-Waco 2005), *rev'd,* 206 S.W.3d 657 (Tex.Crim.App.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 667, 166 L.Ed.2d 514 (2006); *Olivas v. State,* 153 S.W.3d 108 (Tex. App.-Waco 2004) (3 cases), *rev'd,* 202 S.W.3d 137 (Tex.Crim.App.2006); *Olivas v. State,* No. 10–02–00311–CR, 2004 Tex.App. LEXIS 10131, 2004 WL 2566607 (Tex.App.-Waco Nov. 10, 2004) (not designated for publication) (mem.op.), *rev'd,* 203 S.W.3d 341 (Tex. Crim.App.2006); *Watson v. State,* 160 S.W.3d 627 (Tex.App.-Waco 2005), *rev'd,* 204 S.W.3d 404 (Tex.Crim.App.2006); *Herring v. State,* 160 S.W.3d 618 (Tex.App.-Waco 2005) (mem. op.), *rev'd,* 202 S.W.3d 764 (Tex.Crim.App. 2006), *cert. denied,* 2007 U.S. LEXIS 4430, 127 S.Ct. 2107 (U.S. Apr. 23, 2007); *State v. Stanley,* 171 S.W.3d 516 (Tex.App.-Waco 2005), *rev'd,* 201 S.W.3d 754 (Tex.Crim.App. 2006); *State v. Adams,* No. 10–05–00102–CR, 2005 Tex.App. LEXIS 5971, 2005 WL 1788254 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley,* 201 S.W.3d 754; *State v. Rodriguez,* No. 10–05–00103–CR, 2005 Tex. App. LEXIS 5914, 2005 WL 1788680 (Tex. App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley,* 201 S.W.3d 754; *State v. Wachsmann,* No. 10–05–00104–CR, 2005 Tex. App. LEXIS 5915, 2005 WL 1788783 (Tex.

I have done what I could, by writing lots of dissenting opinions, but it has not really helped the situation any. Good luck on your trip to Austin.

App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Juntunen*, No. 10–05–00105–CR, 2005 Tex.App. LEXIS 5940, 2005 WL 1788885 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Carpenter*, No. 10–05–00106–CR, 2005 Tex.App. LEXIS 5936, 2005 WL 1788898 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Rodgers*, No. 10–05–00107–CR, 2005 Tex.App. LEXIS 5913, 2005 WL 1789229 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Boutin*, No. 10–05–00108–CR, 2005 Tex.App. LEXIS 5920, 2005 WL 1789369 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Holmes*, No. 10–05–00109–CR, 2005 Tex.App. LEXIS 5928, 2005 WL 1789622 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Garcia*, No. 10–05–00110–CR, 2005 Tex.App. LEXIS 5919, 2005 WL 1789784 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Telles*, No. 10–05–00111–CR, 2005 Tex.App. LEXIS 5939, 2005 WL 1789995 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Leftwich*, No. 10–05–00112–CR, 2005 Tex.App. LEXIS 5946, 2005 WL 1790122 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Collier*, No. 10–05–00113–CR, 2005 Tex.App. LEXIS 5917, 2005 WL 1790126 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Dobbs*, No. 10–05–00114–CR, 2005 Tex.App. LEXIS 5938, 2005 WL 1790136 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Bagby*, No. 10–05–00115–CR, 2005 Tex.App. LEXIS 5918, 2005 WL 1790665 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Unger*, No. 10–05–00116–CR, 2005 Tex.App. LEXIS 5942, 2005 WL 1790923 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *State v. Eby*, No. 10–05–00117–CR, 2005 Tex.App. LEXIS 5916, 2005 WL 1790986 (Tex.App.-Waco July 27, 2005) (not designated for publication) (mem.op.) (per curiam), *rev'd, Stanley*, 201 S.W.3d 754; *Cocke v. State*, 170 S.W.3d 747 (Tex.App.-Waco 2005), *rev'd*, 201 S.W.3d 744 (Tex.Crim.App.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1832, 167 L.Ed.2d 332 (2007); *Montanez v. State*, 143 S.W.3d 344 (Tex.App.-Waco 2004), *rev'd*, 195 S.W.3d 101 (Tex.Crim.App.2006); *Pena v. State*, 166 S.W.3d 274 (Tex.App.-Waco 2005), *vacated*, 191 S.W.3d 133 (Tex.Crim.App.2006); *Powell v. State*, 151 S.W.3d 646 (Tex.App.-Waco 2004), *rev'd*, 189 S.W.3d 285 (Tex.Crim.App.2006); *Robertson v. State*, No. 10–03–00265–CR, 2004 Tex.App. LEXIS 10130, 2004 WL 2567186 (Tex.App.-Waco Nov. 10, 2004) (not designated for publication) (mem.op.), *rev'd*, 187 S.W.3d 475 (Tex.Crim.App.2006).

Calendar year 2007 does not look good, either. *See, e.g., Sonnichsen v. Baylor Univ.*, No. 10–02–00125–CV, 2004 Tex.App. LEXIS 7774, 2004 WL 1903418 (Tex.App.-Waco Aug. 25, 2004) (mem.op.), *rev'd & judgm't rendered*, No. 04–0851, 2007 Tex. LEXIS 319, 2007 WL 1162872 (Tex. Apr. 20, 2007) (per curiam); *Coley v. Baylor Univ.*, 147 S.W.3d 567 (Tex. App.-Waco 2004), *rev'd & judgm't rendered*, No. 04–0916, 2007 Tex. LEXIS 322, 2007 WL 1162489 (Tex. Apr. 20, 2007); *In re Guardianship of Keller*, 171 S.W.3d 498 (Tex.App.-Waco 2005), *rev'd sub nom. Zipp v. Wuemling*, 218 S.W.3d 71 (Tex., 2007) (per curiam); *State Farm Life Ins. Co. v. Martinez*, 174 S.W.3d 772 (Tex.App.-Waco 2005), *rev'd*, 216 S.W.3d 799 (Tex., 2007); *Wachovia Bank of Del., N.A. v. Gilliam*, No. 10–04–00038–CV, 2005 Tex.App. LEXIS 5039, 2005 WL 1531293 (Tex.App.-Waco June 29, 2005 (mem.op.), *rev'd & judgm't vacated*, 215 S.W.3d 848 (Tex.2007) (per curiam); *Hooper v. State*, 170 S.W.3d 736 (Tex.App.-Waco 2005), *remanded*, 214 S.W.3d 9 (Tex.Crim. App.2007); *Griggs v. State*, 167 S.W.3d 74 (Tex.App.-Waco 2005), *rev'd*, 213 S.W.3d 923 (Tex.Crim.App.2007).

Sincerely,

The dissenting Chief Justice