**Harold N. COOPER, M. D., Appellant,**

v.

**A. E. BOWSER et ux., et al., Appellees.**

**No. 16279.**

Court of Civil Appeals of Texas,
San Antonio.

April 25, 1979.

Charles E. Sweetman, Allison & Plumb, San Antonio, for appellant.

Lawrence J. Madigan, Richard L. Joseph-son, Houston, George H. Spencer, Clemens, Spencer, Welmaker & Finck, Joseph L. Seg-rato, San Antonio, for appellees.

OPINION

PER CURIAM.

Appellant, Harold N. Cooper, appeals from a judgment entered against him on January 25, 1979, in the sum of $240,725.30, with interest from the date of judgment.

Appellant timely filed a supersedeas and cost bond in the principal amount of $241,-225.20. The bond recited that such sum was equal to "at least the amount of the Judgment, interest and cost." The bond was conditioned "that Appellant shall prosecute his appeal with effect; and in case the Judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its Judgment, sentence or decree and pay all such damages as said Court may award against him."

Rule 354(a), Tex.R.Civ.P., requires that the cost bond on appeal shall be in the sum of $500.00, unless a different amount is fixed by the court, and that it shall be conditioned that appellant shall prosecute his appeal with effect and "shall pay all the costs which have accrued in the trial court and the cost of the statement of facts and transcript." In this case, no order to the contrary having been entered, appellant, in order to perfect his appeal, without superseding the judgment, was required to file a bond in the sum of $500.00. In order to suspend execution of the judgment, appellant was required by Rule 364(a) to file a bond "in a sum at least the amount of the judgment, interest and costs . . . ." In this case, it is clear that the bond filed by appellant, in the sum of $241,225.30, is sufficient to cover only the amount of the judgment ($240,725.30) plus $500.00 required in order to perfect the appeal without supersedeas. The supersedeas bond, therefore, is not in an amount which includes at least the amount of the judgment, costs and post judgment interest as required by Rule 364.

■ It is, of course, impossible for an appellant to determine accurately the amount of post judgment interest which will accrue while he pursues the appellate process. Nevertheless, Rule 364 is clear and

unambiguous, and there can be no doubt that the intent is that, pending appeal, the supersedeas bond shall be in an amount sufficient to enable the appellee to collect the amount of the judgment against the appellant and his sureties if such judgment be affirmed. The bond is security, in addition to the personal liability of the appellant, for the payment of the judgment. Satisfaction of the judgment requires payment of both the amount awarded by the judgment plus interest on such amount from the date of judgment. If appellee is to be adequately protected it is necessary that the sureties be liable for the amount of the judgment plus interest, as explicitly required by Rule 364. The amount of the bond in this case is patently insufficient to furnish complete security to appellee for such injury as he may suffer due to delay in enforcement of the judgment.

The supersedeas bond should be in an amount equal to the amount of the judgment plus an estimated amount of interest which will probably accrue during the appeal at the rate prescribed in the judgment, in addition to the amount required to furnish security for costs. See *Advisory Opinions of Subcommittee on Interpretation of the Texas Rules of Practice and Procedure in Civil Cases,* reprinted in 8 Tex.B.J. 9, 21 (1945). We believe that an acceptable alternative, as applicable to the facts of this case, would be for the amount of the bond to be described as $241,225.30, plus interest at the rate of 9 per cent per annum on the sum of $240,725.30 from the date of the judgment until final disposition of the appeal.

Appellee urges that the bond filed in this case is insufficient as a cost bond because it is not conditioned in the manner required by Rule 354(a), since it imposes no obligation on appellant and his sureties to pay "all the costs which have accrued in the trial court and the cost of the statement of facts and transcript." We believe the better practice, where a single bond is intended to perform the functions of both a cost bond and a supersedeas bond, is to prepare the instrument in such a way that it incorporates the condition prescribed in Rule 354(a). However, should the ultimate appellate court judgment be against appellant, such judgment would require appellant to pay all costs. Therefore, the assumption by appellant and his surety of the obligation to perform the judgment of the appellate court necessarily includes the obligation to pay such costs as are assessed against appellant by such appellant judgment, and the absence of an express undertaking to pay such costs in the bond is irrelevant.

Appellant is directed to file an amended supersedeas bond complying with the requirements of Rule 364(a) concerning the amount of the supersedeas bond. Unless such amended bond is filed with the Clerk of this Court no later than 5:00 P.M. on Monday, May 21, 1979, the supersedeas bond, insofar as it seeks to suspend enforcement of the judgment, will be stricken. The failure to file such amended bond within such time shall not affect the efficacy of the bond on file as a cost bond.