**KENNESAW LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**Coy W. STREETMAN, Jr., Appellee.**

No. 13382.

Court of Appeals of Texas, Austin.

Jan. 18, 1983.

Frank Douglass, Tom W. Reavley, Scott, Douglass & Keeton, Austin, for appellant.

Rogan B. Giles, Stubbeman, McRae, Sealy, Laughlin & Browder, M. David Bryant, Jr., Hughes & Hill, Austin, for appellee.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

PER CURIAM.

Appellant Kennesaw Life & Accident Insurance Co. appeals from a judgment entered against it on July 30, 1980 in the sum of $649,400.00 "plus interest on such sum at the legal rate from the date hereof until paid."

Appellant timely filed a supersedeas bond which recites in part:

We, Kennesaw Life and Accident Insurance Company, and Insurance Company of North America of Philadelphia, Pennsylvania, as surety, acknowledge ourselves bound to pay Coy W. Streetman, Jr. appellee, the sum of $707,846, said sum being at least the amount of the judgment, interest, and costs, conditioned that appellant shall prosecute the appeal with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against it, appellant shall perform the judgment, sentence or decree, and pay all such damages as the Court may award against it.

The principal amount of the bond, $707,-846.00, was most probably calculated by adding to the amount of the judgment, $649,400.00, the amount of one year of post-judgment interest on such amount at 9% per annum, the rate specified by Tex.Rev. Civ.Stat.Ann. art. 5069–1.05 (Supp.1982), or $58,446.00.

Appellee Coy W. Streetman has filed a motion requesting this Court to order appellant to file an amended supersedeas bond, with the amount increased by $175,000.00, from $707,846.00 to $882,846.00 pursuant to Tex.R.Civ.P.Ann. 365 (1967). Appellant opposes the motion on the ground that the amount of increase requested is excessive, because $175,000.00 of additional post-judgment interest would not accrue until Au- gust 1984, and appellant suggests this case will surely be disposed of before then. We will grant the motion and order appellant to file an amended bond with terms as specified below.

Rule 365 provides:

The sufficiency of a cost or supersedeas bond shall be reviewable by the appellate court and said court may require additional bond or security in case of the insufficiency of the amount of said bond or the sureties thereon, whether arising from the fixing of an inadequate amount in the trial court or from *any* subsequent condition which may arise affecting the sufficiency of said bond. The court in which the appeal is pending shall, upon proper showing of such insufficiency, require the giving of an additional bond ... [emphasis added].

The amount of the supersedeas bond filed by appellant has become insufficient by virtue of the subsequent condition that the amount of the bond includes an amount corresponding to only one year of post-judgment interest on the amount of the judgment, but more than two years and four months have passed since the date of the judgment. Texas R.Civ.P.Ann. 364 (1967) provides that "[a]n appellant desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond ... in at least the amount of the judgment, interest, and costs ...." In *Cooper v. Bowser,* 583 S.W.2d 805 (Tex.Civ.App.1979, no writ), the Court ordered the appellant to file an amended supersedeas bond because the bond initially filed covered only the amount of the money judgment and the cost bond, and did not include any amount corresponding to the amount of post-judgment interest expected to accrue during the pendency of the appeal. The Court wrote:

It is, of course, impossible for an appellant to determine accurately the amount of post judgment interest which will accrue while he pursues the appellate process. Nevertheless, Rule 364 is clear and unambiguous, and there can be no doubt that the intent is that, pending appeal,

the supersedeas bond shall be in an amount sufficient to enable the appellee to collect the amount of the judgment against the appellant, if such judgment be affirmed. The bond is security, in addition to the personal liability of the appellant, for the payment of the judgment. Satisfaction of the judgment requires payment of both the amount awarded by the judgment plus interest on such amount from the date of judgment. If appellee is to be adequately protected it is necessary that the sureties be liable for the amount of the judgment plus interest, as explicitly required by Rule 364. The amount of the bond in this case is patently insufficient to furnish complete security to appellee for such injury as he may suffer due to delay in enforcement of the judgment.

The supersedeas bond should be in an amount equal to the amount of the judgment plus an estimated amount of interest which will probably accrue during the appeal at the rate prescribed in the judgment, in addition to the amount required to furnish security for costs.... We believe that an acceptable alternative, as applicable to the facts of this case, would be for the amount of the bond to be described as $241,225.30, plus interest at the rate of 9 percent per annum on the sum of $240,725.30 [the amount of the judgment below] from the date of the judgment until final disposition of the appeal.

■ We are of the view that both the result reached by the Court in *Cooper* and the reasoning employed by it were correct, and that Rule 364, as elucidated by this reasoning, requires that this Court order appellant to file an amended bond sufficient to cover the amount of the judgment and all the post-judgment interest that will accrue pending disposition of the cause on appeal. The reasoning in *Cooper* requires this result whether the amount of post-judgment interest included in the bond was insufficient in the beginning, as in *Cooper,* or *becomes* insufficient due to the passage of time on appeal, as in the case at bar.

■ Moreover, we think that the Court in *Cooper* followed the correct approach by ordering the filing of an amended bond in which the *amount* of post-judgment interest expected to accrue during the appeal was not specified, but rather only the *rate* of interest and the *date* from which it begins to accrue, i.e., the date of the judgment. While this method insures that appellee will be paid the amount of the judgment plus all post-judgment interest accrued on such amount, at the same time it eliminates the necessity for speculative and inaccurate guesses regarding the duration of the appeal, the necessity for calculations by the courts based on such guesses, and the necessity for periodic motions and orders to increase the amount of the supersedeas bond. This method may necessitate a change from what bonding companies and courts are accustomed to, namely bonds with fixed amounts. This, however, should present no insuperable problems with regard to the availability of supersedeas bonds or the calculation and payment of premiums for such bonds.

Accordingly, we direct appellant to file an amended supersedeas bond, with the amount of the bond described as $649,400.00 plus interest accruing thereon at the rate of 9 percent per annum from the date of the judgment, July 30, 1980, until final disposition of this appeal, and in other respects complying with Rule 364(a). Appellant will file such an amended bond with this Court within thirty days after this order is handed down, or this Court will order the trial court to issue execution on the judgment appealed from. Tex.R.Civ.P.Ann. 366 (1967).