James FORTUNE, et al., Appellants,

v.

Thomas T. McELHENNEY, et ux., Appellees.

No. 13869.

Court of Appeals of Texas, Austin.

Feb. 9, 1983.

Tom Long, Larry Parks, Long, Dugger, Burner & Cotten, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellants.

Douglass Hearne, Richard L. Crozier, Hearne, Knolle, Lewallen, Livington & Holcomb, Austin, for appellees.

Before SHANNON, POWERS and GAMMAGE, JJ.

PER CURIAM.

Appellants James Fortune and Stan's Heating and Air Conditioning appeal from

a judgment rendered against them on August 12, 1982 "jointly and severally" in the principal amount of $135,000.00 together with $75,078.00 in attorney's fees, and interest on both said sums at the rate of nine percent (9%) per annum. The judgment provides that the amount due for attorney's fees shall be reduced by $5,000.00 if this appeal "is not carried forward by Application for Writ of Error to the Supreme Court of Texas" or by $2,500.00 if such an application is filed but denied.

Appellant Fortune filed two supersedeas bonds, one in the amount of $12,000.00, and the other in the amount of $100,000.00, which recites that "American & Foreign Ins. Co." is the surety, but the bond is signed by Kirk Bradshaw as attorney-in-fact for "Royal Indemnity Co." as surety. Appellant Stan's Heating and Air Conditioning filed a supersedeas bond in the sum of $112,000.00.

Appellees Thomas R. McElhenney and Sarah Ann McElhenney have filed a motion requesting this Court to

require Appellants to *each* file an additional supersedeas bond in an amount which, when added to the other Supersedeas Bonds filed by said Appellant, will equal the sum of the amount of the judgment, the estimated amount of interest which will probably accrue during the appeal and costs; or alternatively, to require Appellants to file an additional Supersedeas Bond which when added to the other Supersedeas Bonds filed by Appellants will equal the sum of the amount of the judgment, the estimated amount of interest which will probably accrue during the appeal, and costs; and that the Court require Appellant JAMES FORTUNE to file a new Supersedeas Bond, properly conditioned and executed, to replace the defective $100,000.00 Supersedeas Bond filed by him on November 12, 1982. [emphasis added]

In support of their motion, appellees contend that the bonds filed by each appellant, in an amount slightly over one half of the amount of the judgment, are insufficient under Tex.R.Civ.P.Ann. 364 (1967), because they do not give appellees adequate security for the payment of the entire amount of the judgment, interest, and costs for which either of them may be held entirely liable. We agree. If judgment were reversed with respect to one appellant, or if appellees should be unable to collect one-half of the judgment from one appellant, the other appellant would nevertheless be liable for the entire judgment, interest, and costs. The surety on the other appellant's bond would only be liable for the amount of the bond filed by that appellant, which, as we have stated, is only slightly more than half of the amount of the judgment. The bonds are insufficient under the rationale of Rule 364. *Kennesaw Life and Accident Insurance Company v. Streetman*, 644 S.W.2d 915 (Tex. App.—Austin 1983); *Cooper v. Bowser*, 583 S.W.2d 805 (Tex.Civ.App.1979, no writ).

We therefore order each appellant to file a proper supersedeas bond with the amount described as $210,078.00, plus interest accruing thereon at the rate of nine percent per annum from the date of the judgment, August 12, 1982. Alternatively, it will be sufficient if appellants jointly file a bond with the amount so described, providing that the surety will be liable for the entire amount if the judgment is affirmed with respect to *either* appellant. *Kennesaw, supra; Cooper v. Bowser, supra;* Tex.R.Civ.P.Ann. 365 (1967). The error in the naming of the surety in appellant Fortune's bond must also be corrected. Appellants are directed to file such amended bond or bonds with this Court within thirty days after this order is handed down, or this Court will permit the trial court to issue execution on the judgment appealed from. Tex.R.Civ.P. Ann. 366 (1967).