### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,

v.

### Jimmie R. NORRIS, Respondent.

### No. 04–0514.

Supreme Court of Texas.

Argued April 14, 2005.

Decided Dec. 22, 2006.

Trenton Colby Hood, Naman Howell Smith & Lee, and Michael L. Scanes, Scanes, Routh & James, Waco, for Petitioner.

Amy C. Thomas, The Law Offices of Amy Thomas, Mexia, for Respondent.

Chief Justice JEFFERSON delivered the opinion of the Court.

An underinsured motorist (UIM) policy allows an insured to recover the difference between the negligent driver's insurance policy limit and the full amount of damages, including prejudgment interest, determined at trial. The trial court held that the insured was not entitled to prejudgment interest under his UIM policy because the insurer had already paid benefits that exceeded the actual damages found by the jury. Additionally, the trial court refused to award attorney's fees to the insured. The court of appeals reversed on both issues. In accordance with our *Brainard* opinion, we hold that the insured is entitled to prejudgment interest but not attorney's fees.

# I

## Background

Jimmie R. Norris was injured during a car accident with Allen Johnston on December 8, 1997. Norris sued Johnston on March 29, 1999, and subsequently settled with Johnston for $40,000 ($10,000 less than Johnston's policy limit). The record does not reflect the date of the settlement. On the same day that he dismissed his

claims against Johnston, Norris added State Farm as a defendant, seeking to recover benefits under his UIM policy. Although State Farm paid Norris $5,000 in personal injury protection (PIP) benefits, it never offered to settle Norris's UIM claim.

A jury found that: (1) Johnston's negligence caused the accident; (2) Norris suffered only past damages in the amount of $51,200; and (3) Norris's attorney's fees were $11,500 for trial, $5,000 for appeal to the court of appeals, and $7,500 for appeal to this Court. The trial court applied a $55,000 credit (the sum of Johnston's policy limit and the PIP benefits already paid to Norris) and signed a take-nothing judgment in State Farm's favor, finding that Norris was not entitled to attorney's fees or prejudgment interest. Reversing the trial court's judgment, the court of appeals held that Norris was entitled to both prejudgment interest and attorney's fees. 217 S.W.3d 2, 2004 WL 811722, at *1. We hold, contrary to the court of appeals, that: (1) Norris is entitled to prejudgment interest calculated by the declining principal formula; and (2) Norris is not entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

## II

### Prejudgment Interest

Norris argues that prejudgment interest is covered under his UIM policy and should be calculated on the full amount of damages before deducting State Farm's PIP and settlement credits. State Farm disputes that it owes prejudgment interest at all. According to State Farm, the $55,000 in PIP and settlement credits should be deducted from the $51,200 damages award before calculating prejudgment interest, leaving no principal on which prejudgment interest can accrue.

We apply the "declining principal" formula to calculate prejudgment interest in a UIM case. *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 816 (Tex.2006). Under this approach, the trial court considers the date on which the insured received each payment. *Id.* at *3. As Chief Justice Gray correctly observed, however, the record in this case does not reflect the dates of either the PIP or the settlement payments. 2004 WL 811722, at *3 (Gray, C.J., dissenting). Because prejudgment interest cannot be calculated until those dates are established,[1] we remand this case to the trial court for that purpose. Tex.R.App. P. 60.2(f), 60.3.

This case presents an additional issue that *Brainard* does not answer. Norris settled with Johnston for $40,000, which is $10,000 less than Johnston's policy limit of $50,000. Norris argues he is entitled to prejudgment interest on the entire $50,000 amount because, based on the jury's verdict, he would have been "legally entitled to recover" more than that amount from the tortfeasor. We disagree. UIM policies are intended to compensate injured parties "up to the limit specified in the policy, reduced by the amount *recovered or recoverable* from the insurer of the underinsured motor vehicle." Tex. Ins.Code art. 5.06–1(5) (emphasis added). When Norris settled and released his claims against Johnston, he also released any interest in the difference between Johnston's policy limit and the settlement amount. The purpose of prejudgment interest is to compensate a claimant for the lost use of money due as damages

---

1. In *Battaglia v. Alexander,* we recognized that "[i]n order for interest to actually compensate for the lost time value of money, no more and no less, the timing of settlement payments must be taken into account." 177 S.W.3d 893, 907 (Tex.2005).

during the lapse of time between the accrual of the claim and the date of the judgment. *Battaglia,* 177 S.W.3d at 907. Because Norris has not lost use of that $10,000, having released any entitlement to it, he can receive prejudgment interest only on the amount of the settlement ($40,000) plus the amount that exceeds Johnston's policy limits ($1,200).

## III

### Calculating Prejudgment Interest

■ Prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date the defendant receives written notice of a claim; or (2) the date suit is filed. TEX. FIN.CODE § 304.104; *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 529 (Tex.1998). Norris asserts that prejudgment interest began to accrue 180 days after the accident. The record does not indicate, however, that State Farm had written notice of the accident on the day it occurred, December 8, 1997. January 21, 1998, is the earliest date in the record showing that State Farm had written notice of the accident.[2] Therefore, prejudgment interest began to accrue 180 days after January 21, 1998.

■ State Farm is entitled to: (1) a $50,000 credit, representing Johnston's policy limit, as of the date Johnston remitted the settlement amount; and (2) a $5,000 credit, representing the PIP benefits State Farm paid, as of the date it was tendered. Credits applied before prejudgment interest began to accrue will reduce the principal. Thereafter, each credit will apply first to the accrued prejudgment interest and second to the remaining principal. *Brainard,* 216 S.W.3d at 816. Thus, State Farm is liable, up to the UIM policy limits, for the principal plus accrued

prejudgment interest remaining after the credits are applied.

## IV

### Attorney's Fees

■ Norris argues that he is entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code. The trial court denied Norris those fees, notwithstanding the jury's verdict. The court of appeals reversed and awarded attorney's fees, citing its opinion in *Allstate Insurance Company v. Lincoln,* 976 S.W.2d 873 (Tex.App.-Waco 1998, no pet.). We disapprove of *Allstate Insurance Company v. Lincoln* to the extent it is inconsistent with our decision in *Brainard,* and we hold that State Farm is entitled to a take-nothing judgment with respect to attorney's fees.

■ An insured may recover attorney's fees under Chapter 38 only if the insurer does not tender the UIM benefits within thirty days after the trial court signs a judgment establishing the liability and underinsured status of the other motorist. *Brainard,* 216 S.W.3d at 811. Chapter 38 requires Norris to "present a claim" to State Farm, which must pay the "just amount owed" within thirty days of presentation. TEX. CIV. PRAC. & REM.CODE § 38.002(2),(3). Under a UIM policy, however, there can be no "just amount owed" until the trial court establishes liability and damages. *Brainard,* 216 S.W.3d at 818; *Henson v. S. Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652, 654 (Tex.2000). Thus, Norris could not seek attorney's fees until, at the earliest, thirty days after the trial court rendered judgment—assuming that State Farm refused to pay the amount due

---

**2.** This is the date that an attending physician signed a report sent by State Farm.

under the UIM contract.[3] Therefore, the trial court did not err in refusing to award Norris attorney's fees, and the court of appeals erred in reversing that judgment.

## V

### Conclusion

We hold that Norris is entitled to prejudgment interest calculated under the declining principal formula. We reverse that part of the court of appeals' judgment and remand this cause to the trial court for further proceedings consistent with this opinion. TEX.R.APP. P. 60.2(f), 60.3. With respect to the attorney's fees issue, we reverse the court of appeals' judgment and render judgment for State Farm. TEX. R.APP. P. 60.2(c).

Justice O'NEILL did not participate in the decision.

---

3. In this case, the trial court entered a take-nothing judgment against Norris. Thus, State Farm was not presented with a claim for a just amount owed on the day of judgment.