**AFFIRMED and Opinion Filed August 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01004-CV**

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellant**
**V.**
**SUZZETTE YARUM, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-02852-C**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Allstate Fire and Casualty Insurance Company appeals the trial court's judgment following a jury verdict awarding personal injury damages to its insured, Suzette Yarum. Allstate contends (1) the evidence was factually insufficient to support the jury's award of medical expenses, (2) the judgment improperly awarded Yarum prejudgment interest, and (3) the trial court erred in awarding Yarum her attorney's fees. We affirm the trial court's judgment.

## Background

In 2014, Yarum was involved in two automobile accidents – the first on March 15, and the second on June 30. Immediately following the first accident, Yarum felt pain in her neck and back. She chose not to go to the hospital from the accident scene because she "didn't want the bills." She was eventually treated at Adrian Chiropractic until she was discharged on June 23. On that date, Yarum reported her pain was a 2 to 3 on the pain scale, down from a level of 6 to 7 three months earlier. Her treatment notes state she had reached her recovery goals and was released to return on an as-needed basis. Yarum said she continued to take things slowly so she did not aggravate her injury.

In the second accident, Yarum was a passenger in a car that was hit from behind. Yarum testified she was in severe pain, but said she again chose again not to go to the hospital because she "couldn't afford the bills to go [in] an ambulance." After trying to treat herself with the techniques she learned from her previous chiropractic treatment, Yarum went to Dr. Michael Ellman at Regenerative Ortho Spine Institute of Texas.

In his initial evaluation, Dr. Ellman noted that Yarum had been involved in a previous motor vehicle accident, but stated she had "essentially completely recovered" and was only having some pain in her neck and lower back before the accident on June 30. Dr. Ellman also noted that Yarum had a history of brain aneurisms with stents and clips inserted. The evaluation states Yarum had

numbness, tingling, and weakness in the upper and lower extremities as well as significant trauma and contusions to her right wrist, leg, ankle, and foot. Yarum reported dizziness and headaches and that her pain was "worse in all positions." She rated her pain as being "10/10 in severity." Dr. Ellman's overall impression was that Yarum suffered a "significant traumatic whiplash injury" with "upper and lower extremity radiculopathy," "cervical and lumbar disc derangement," and "right knee, right wrist, right ankle, and foot contusion." He ordered a CT scan of the cervical and lumbar spine and electrodiagnostic testing of Yarum's upper and lower extremities. He also prescribed physical therapy.

Yarum's physical therapy was conducted at Mesquite Injury Rehab where she was treated by Dr. Brett Boeke. Yarum reported in her initial appointment that she had pain of 10/10 on the pain scale and that the pain began with her accident on June 30. She stated the pain in her neck, shoulder, back, wrist, and ankle was severe and constant.

Yarum continued physical therapy with Dr. Boeke until April 2015. During that time, she received injections in her back by Dr. Ellman. When her treatment ended, she reported her pain was down to a 2 on the pain scale. She further stated the pain is never fully gone and she needs to be careful not to aggravate it. The pain affects her daily life in multiple ways including not being able to sit for long periods. She uses a back brace and TENS unit for the pain as needed.

Yarum settled her claims against the driver that hit her vehicle on June 30 for the $30,000 limits of his insurance policy. She then sued Allstate, for a declaratory judgment that she was entitled to recover her remaining damages pursuant to the underinsured motorist (UIM) coverage provision in her automobile insurance policy. Yarum alleged she had properly notified Allstate of her claim, and it had not offered her a fair settlement.

Prior to trial, both sides stipulated that, at the time of Yarum's June 30 accident, her policy with Allstate was in full force and effect and she was a covered person travelling in a covered automobile. The parties further stipulated that (1) Yarum's policy contained UIM coverage in the amount of $100,000 per person, (2) the negligence of the driver who hit Yarum's car from behind was the proximate cause of the accident, and (3) her claims against the other driver were settled with Allstate's consent. The only issues submitted to the jury were the amounts that would fairly and reasonably compensate Yarum for her injuries and the reasonable and necessary fees for the services of her attorneys.

At trial, Dr. Boeke testified the June 30 accident caused Yarum's current injuries. Dr. Boeke acknowledged that Yarum injured her neck and back in the previous accident, but testified the injuries from the first accident had been mostly resolved by the time the June 30 accident occurred. According to Dr. Boeke, Yarum's prior injuries made her body unstable and predisposed her to worse injuries and increased pain. Dr. Boeke noted that Yarum's highest reported pain level from

–4–

her first accident was a seven, showing that the June 30 accident resulted in a worse injury.

In support of her claim for past medical expenses, Yarum submitted bills and supporting affidavits totaling $93,523.25. She provided expert testimony regarding the reasonableness of the charges. Of the total amount sought, Allstate did not dispute $34,098 in charges. Allstate challenged only two bills – a bill for $25,050 from Dr. Ellman's office and a bill for $43,434 from Bentree Pain Procedure Center, LLC, the facility where Dr. Ellman gave Yarum spinal injections. Of those amounts, Allstate presented expert testimony that only $7,476 of Dr. Ellman's bill was reasonable and only $1,583 of Bentree's charges were reasonable. The jury ultimately awarded Yarum $50,000 in past medical expenses, $44,098 for pain and suffering in the past, $10,000 for pain and suffering in the future, and $9,000 for mental anguish in the past, totaling $113,098 in damages. After applying a $30,000 credit for the settlement proceeds, the trial court awarded Yarum $83,098 dollars in damages for her injuries. With the addition of prejudgment interest at the rate of five percent per annum, Yarum's damages exceeded the $100,000 limits of her insurance policy and were capped at that amount.

The trial court conducted a separate trial on attorney's fees. Yarum limited her evidence to only those fees incurred in the thirty days before trial. After hearing the evidence, the jury determined the reasonable attorney's fees for the services provided to Yarum were $63,000 for preparation and trial, $35,000 for an appeal to

this Court, $30,000 for an appeal to the Texas Supreme Court, and $25,000 for briefing on the merits in the Texas Supreme Court. The trial court determined the award of attorney's fees was equitable and just under section 37.009 of the Uniform Declaratory Judgment Act and rendered judgment on the jury's verdict. The court additionally awarded Yarum $4,500 for responding to Allstate's post trial motions. Allstate timely brought this appeal.

## Analysis

### I. Sufficiency of the Evidence

Allstate contends the award of past medical expenses to Yarum is not supported by factually sufficient evidence. It argues she failed to present clear expert testimony that her injuries were due to the June 30 accident as opposed to the prior accident or her pre-existing medical conditions. To evaluate a factual sufficiency challenge, we consider and weigh all the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We can set aside a verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id*. We must not substitute our judgment for that of the factfinder and should remain cognizant that the factfinder is the sole judge of witness credibility and the weight of the evidence. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

Allstate correctly states that Yarum had the burden to prove the June 30 accident caused the injuries for which she sought recovery. *See JLG Trucking, LLC*

*v. Garza*, 466 S.W.3d 157, 165 (Tex. 2015). It is axiomatic, however, that victims of accidents are "taken as they are found" and can recover to the extent an accident has created a new injury by exacerbating a previous condition and causing new pain and suffering. *See Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 591–92 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Yarum testified she had largely recovered from her previous accident when the June 30 accident occurred. Records show she felt significantly more pain after the June 30 accident and her pain levels rose from a 2/10 to a 10/10. Her treatment to reduce her pain following the June 30 accident was more extensive than her earlier treatment and took nine months rather than only three. Pain to the neck, back, and extremities are within the experience and knowledge of laypersons as being caused by car accidents. *See Devoti v. Delaney*, No. 14-11-00497-CV, 2012 WL 3677050, at *4 (Tex. App.— Houston [14th Dist.] Aug. 28, 2012, no pet.) (mem. op.).

Dr. Boeke testified the previous accident left Yarum predisposed to suffering "much worse injuries" from another accident. He noted that Yarum had no complaints of numbness, tingling, or pain in her extremities after she completed her treatment following the earlier accident, suggesting these issues, along with her increased pain, were a result of the June 30 accident. Allstate argues Dr. Boeke had no basis to testify regarding the effects of the June 30 accident because he admitted at trial he did not review any diagnostic scans of Yarum's spine taken before that accident. But Dr. Boeke stated he reviewed the clinical notes from Yarum's previous

–7–

treatment which provided a record of her condition shortly before the June 30 accident. The jury was able to weigh this evidence and was properly instructed not to award damages "for any condition existing before the occurrence in question, except to the extent, if any, that such condition was aggravated by any injuries that resulted from the occurrence in question." *See Haynes v. Union Pac. R.R. Co.*, 598 S.W.3d 335, 347 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd). In doing so, the jury awarded Yarum only slightly more than half of the $93,523 in past medical expenses she sought, and only $16,000 more than Allstate conceded was reasonable and necessary.

Allstate further argues Yarum failed to provide sufficient expert testimony regarding the reasonableness of the charges made by Dr. Ellman and Bentree. Prior to trial, Allstate submitted a counteraffidavit under section 18.001(e) of the Texas Civil Practice and Remedies Code challenging the bills of those two providers. The purpose of a counteraffidavit is to provide the plaintiff with sufficient information to prepare a defense or response. *In re Baker*, No. 02-23-00133-CV, 2023 WL 3879669, at *5 (Tex. App.—Fort Worth June 8, 2023, no pet.) (mem. op.). Allstate's affidavit was made by its medical billing expert, Christine Dickison, who testified she was "familiar with the reasonable and customary billing practices, charges, and reimbursements for medical services similar to and including the medical services provided [to Yarum]." Dickison opined that some of the charges by Dr. Ellman and Bentree were excessive and others constituted double billing.

In response, Yarum offered expert testimony by Virginia Lopez, a billing specialist who had worked for both Bentree and Dr. Ellman. Lopez testified that all the charges submitted by Bentree and Dr. Ellman were reasonable and customary using the proper current procedural terminology or "CPT" codes. Allstate argues Lopez was not qualified to testify as an expert because she was not a custodian of records for either Bentree or Dr. Ellman. Allstate appears to be confusing qualification with authentication. The billing records at issue were authenticated by affidavits of the custodian of records for each office. Allstate cites no authority for the proposition that a billing expert must be a custodian of the records on which their opinion is offered. If this were the case, Allstate's expert would be similarly unqualified.

Allstate contends the trial court erred in excluding a portion of Dickison's testimony in which she stated Bentree was an unlicensed surgical care center. We review a trial court's exclusion of evidence for an abuse of discretion. *Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 142 (Tex. 2016). A trial court abuses its discretion when it acts without regard for any guiding principles. *Id*.

Dickison testified in her deposition that, when she prepared her expert report in 2018, she checked whether Bentree was licensed facility and could not find a licensed facility at Bentree's address. At trial, Allstate sought to introduce this testimony. The trial court refused to admit the evidence because Dickison did not testify that Bentree was unlicensed in 2014 when Yarum was treated there. Allstate

concedes that Dickison never specifically testified Bentree was unlicensed in 2014, but argues such meaning was "implicit" in her testimony. Based on the record before us, we cannot conclude the trial court abused its discretion in determining the testimony at issue was irrelevant and inadmissible. *See* TEX. R. EVID. 402. Furthermore, Allstate fails to explain how licensure would affect the reasonableness or necessity of Bentree's charges or how it was harmed by the exclusion of this evidence.

Allstate argues the jury's award of past medical expenses was "improperly inflated" because Yarum did not submit her bills for treatment to Medicare. There is no evidence in the record to support Allstate's assertion that Yarum did not make a claim for coverage with her medical insurance provider. Allstate cites only to Yarum's testimony that she chose not to go to the hospital in an ambulance following her first accident on March 15 because she did not want the bills. Allstate fails to acknowledge that Yarum then testified she made a claim on her medical insurance for the treatment she received following that accident. Yarum was not asked whether she similarly made a claim with her medical insurance carrier for the treatment she received following the June 30 accident because evidence that medical expenses will be covered in whole or in part by insurance may not be presented to the jury. *Haygood v. De Escabedo*, 356 S.W.3d 390, 400 (Tex. 2011).

Finally, Allstate contends the evidence is factually insufficient to support the jury's award of future medical expenses to Yarum. The jury was not asked to

determine whether Yarum was entitled to receive future medical expenses and the trial court's judgment does not award any. We conclude the evidence is factually sufficient to support the award of past medical expenses.

## II. Prejudgment Interest

The judgment in this case awarded Yarum prejudgment interest on her damage award of $83,098 capped by her policy's $100,000 coverage limit. Allstate appears to argue it was not given sufficient notice of Yarum's request for prejudgment interest. It does not dispute that Yarum requested prejudgment interest in her petition. Allstate cites no authority to show it was entitled to more notice than it received. *See DeGroot v. DeGroot*, 369 S.W.3d 918, 926 (Tex. App.—Dallas 2012, no pet.) (as general rule plaintiff must plead for prejudgment interest).

Relying on *State Farm Mutual Insurance Co. v. Norris*, 216 S.W.3d 819 (Tex. 2006), Allstate argues the trial court's judgment should have specified the date upon which Yarum received the settlement proceeds from the driver who caused the June 30 accident. In *Norris*, the supreme court held that the "declining principal" formula for the calculation of prejudgment interest requires the trial court to determine the date a plaintiff receives a settlement payment because prejudgment interest can only accrue during the time the plaintiff was deprived of the use of the funds. *Id*. at 821; *see also, Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 816–17 (Tex. 2006). In this case, however, the trial court did not award prejudgment interest on the full amount of Yarum's personal injury damages, but only on the amount

Allstate failed to pay over and above the settlement amount. Allstate made no argument in the trial court, and makes no argument on appeal, to show that the trial court's calculation of prejudgment interest on that amount was erroneous or that the proper amount would not have brought Yarum's total amount of damages up to the insurance policy's limits. It argues only that, under *Norris*, the date upon which prejudgment interest started to accrue should have been specified in the judgment. *Norris* contains no such requirement.

### III. Attorney's Fees

In its last issue, Allstate challenges the award of attorney's fees under the Uniform Declaratory Judgment Act. Allstate argues (1) the trial court erred in refusing to exclude Yarum's evidence of attorney's fees, (2) Yarum failed to prove the reasonableness and necessity of the fees, and (3) the trial court erred in determining the award of attorney's fees was equitable and just.[1]

Allstate did not seek to exclude Yarum's evidence of attorney's fees until the day trial began. In its motion to exclude, Allstate contended Yarum's designation of experts on attorney's fees and her disclosure of her attorney's billing records was untimely pursuant to the trial court's scheduling order. In the alternative, Allstate

---

[1] In the Summary of the Argument portion of Allstate's brief, it additionally contends the trial court erred in awarding Yarum attorney's fees she accrued in connection with post-trial motions. This issue is not mentioned in the Argument portion of the brief and Allstate does not provide any analysis or citation to authority to support this contention. The issue is, therefore, waived. *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (party that does not provide argument or authorities waives issue on appeal).

–12–

asked that Yarum's evidence be limited to only those fees incurred within thirty days of trial "as any prior to that time period would have been waived by failure to timely supplement."

The trial court's scheduling order was issued on October 16, 2018. The deadlines for discovery and Yarum's designation of experts was set at one hundred and twenty days before the initial trial setting of January 21, 2020. Although the case did not go to trial until May 25, 2022, no amended scheduling order was issued.

On the first day of trial, Allstate notified the court it had filed a motion to exclude Yarum's evidence of attorney's fees. Yarum's counsel responded that their request for fees was already limited to those incurred in the thirty days before trial, which was the alternative relief Allstate requested. The court refused to consider the merits of the Allstate's motion concluding it knew Yarum was seeking attorney's fees and failed to timely file its motion to exclude her evidence and obtain a hearing before trial. Allstate makes no argument on appeal that the trial court abused its discretion in denying the motion to exclude as untimely.

In support of her claim for fees, Yarum submitted the testimony of her attorneys and their billing records to show the reasonable hours they worked and their hourly rates resulting in the base lodestar calculation of fees to which they asserted they were entitled. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497–98 (Tex. 2019) (reasonable attorney's fees = reasonable hours spent on case multiplied by reasonable hourly rate). Allstate argues Yarum's

attorneys failed to segregate out the time and costs associated with the work they performed solely in connection with Yarum's claims against the underinsured motorist. Allstate did not object below concerning the failure to segregate. Accordingly, this issue has not been preserved for review. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997).[2]

Allstate also argues "the evidence fails to show why Yarum is entitled to the attorney's fees awarded if Yarum has a binding contingency fee contract." Allstate makes no argument and cites no authority for the proposition that the existence of a contingency fee contract eliminates a party's right to recover attorney's fees. *See Washington*, 362 S.W.3d at 854. The law, in fact, states the opposite. The trial court may not reduce the lodestar calculation of attorney's fees based on the existence of a contingency fee agreement. *See Rohrmoos*, 578 S.W.3d at 501; *Asta Partners, LLC v. Palaniswamy*, No. 02-20-00371-CV, 2021 WL 5133888, at *12 (Tex. App.—Fort Worth Nov. 4, 2021, no pet.).

A party may recover attorney's fees under the UDJA if the trial court, in its discretion, determines an award of fees is equitable and just. *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 271 (Tex. 2021). Whether an award of fees is equitable and just is "a matter of fairness in light of all circumstances." *Ridge Oil Co., Inc. v. Gunn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). Allstate contends the award of fees in

---

[2] Yarum notes she settled her claims against the other driver without the necessity of litigation before she filed this suit against Allstate.

this case was unfair because there was a bona fide dispute about the damages Yarum was entitled to recover and the jury awarded her less than she sought. But, the record shows Allstate made no offers to resolve Yarum's claim prior to her bringing suit, made only token offers of $500 to $5,000 to settle her claim in the years the suit was pending, did not stipulate to the other driver's negligence and his underinsured motorist status until just before trial, and finally offered her the $100,000 limits of her policy during the course of the trial without offering to pay any of her additional accrued attorney's fees. Under these circumstances, we conclude the trial court did not abuse its discretion in concluding, as a matter of equity, Yarum was entitled to receive her reasonable and necessary attorney's fees. *See id*.

Based on the foregoing, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

221004F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY, Appellant

No. 05-22-01004-CV      V.

SUZZETT YARUM, Appellee

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-18-02852-
C.

Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SUZZETT YARUM recover her costs of this appeal from appellant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.

Judgment entered August 28, 2024